John Johnson & Associates
John Johnson, Esq.
225 Broadway, Suite 700
New York, New York 10007
212-566-3019
Alan Chan, Esq.
225 Broadway, Suite 700
New York, N.Y. 10007
 212-561-5490

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ROBINSON,           )<br>        Plaintiff,                     )<br>                                          )<br>VIACOM                              )<br>FUNNY OR DIE, INC        )<br><br>        Defendant(s). | CIVIL ACTION NO.:<br><br>_____ |

COMPLAINT: TRADEMARK INFRINGMENT LANHAM ACT VIOLATIONS; FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION; DILUTION; NY ANTI-DILUTION; COMMON LAW TRADEMARK INFRINGMENT; NEW YORK TRADEMARK  INFRINGEMENT NY UNFAIR COMPETITION LAW AND DAMAGES AND INJUNCTIVE RELIEF

RELIEF UNDER LANHAM ACT, 15 U.S.C. 1114 ET SEQ. AND/OR NEW YORK STATE LAW

**JURISDICTION AND VENUE**

1. The plaintiff is a citizen of the State of New Jersey.  He brings this action seeking a damages and injunctive relief.  The defendant Viacom is a Delaware Corporation operating as a foreign entity in New York State, with its headquarters located 1515 Broadway in New York City.

2. The Defendants Funny or Die, Inc., is a Delaware Corporation operating as a foreign business entity in New York State 18 West 27th Street NY NY at the initiation of the infringing act, they are now located in California.

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, 28 U.S.C. Section(s) 1331, 1332 and 1338, as well as 28 U.S.C. 1367(a), which provides for supplemental jurisdiction over related state law claims.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Section 1391. The defendant Funny or Die, Inc. produces and Viacom distributes the infringing product. Both defendants have offices in Manhattan New York City. The defendants caused a substantial portion of their infringement in the Southern District.

## JURY DEMAND

5. Plaintiff demands a jury for all triable issues in this matter.

## OPERATIVE FACTS

6. The plaintiff realleges each and every proceeding allegation herein.

7. Plaintiff William Robinson is the registered owner of the Trademark entitled "Throwin Shade". Plaintiff received confirmed registration of the Mark from the United States Patent and Trademark Office (hereinafter "USPTO") on or about June 24, 2014, registration number 4556844.

8. Plaintiff used the Mark prior to that date and has used the mark continuously since.

9. Plaintiff's use of the mark evolved based upon the LGBT community's ballroom dance scene. The plaintiff has adopted and used the mark since mid 2001.

10. The Ballroom Dance Scene and the formation of various "Houses" which host the competitions are a staple in the LBGTQ community. The participants can be

themselves in terms of fashion, style and dance.  Madonna recording "Vogue" was based on ballroom dance.

11. The characters that emerge from the ballroom are themselves intriguing.  An individual can be themselves or assume an identity.

12. Many of the participants are young minority youth.  Some still live at home, others have been removed from their family in some manner.

13. Pop culture began to imitate much of the fashion, music and LGBTQ transgender vogue life style derived from the ballroom scene.  The plaintiff observed that the main stream grabbed up this culture without giving credit to the community from which it originated.

14. In or about 2009, the plaintiff hired cast, crew, and producers and brought on executive producers to produce a pilot program.  Plaintiff has recorded a substantial amount of footage in the production of the show, as well, as spent his own money toward the development of the Throwin Shade reality show.

15. The purpose of the show is to show not only the ballroom dance scene, but also the lives of the people behind it.

16. In this regard, the plaintiff shot hundreds of hours of footage from actual and simulated ballroom dance competitions.  This footage includes personal footage on the detailed background of the various participants.

17. As a result of, the plaintiff's efforts over the years, many in the LGBTQ community have come to know of the show.

18. Throwin' Shade is a series with mainstream appeal about the LGBT community created by members of that same community. Here, gay characters are real, dynamic

people not just tokens who serve as the butt of tasteless jokes. "See these fabulous men and transsexuals at work, gossiping with the 'girls', rehearsing, and preparing to have their 'house' reign supreme—all while they unpack their issues around identity, sex, love and relationships".

19. The plaintiff's fortuitous effort resulted in brand recognition, and negotiations with television executives across the Nation, including executives at defendant Viacom's Black Entertainment Network.

20. The plaintiff had knowledge or should have known of the plaintiff's mark and yet willfully ignored the plaintiff's trademark.

21. Eventually, plaintiff was offered a television production deal with BRIC TV which is based in Brooklyn NY. Plaintiff's negotiations were cut short when the defendant's show Throwing Shade debuted in January 2017.

22. The defendant's show is a lackluster, dull comedy airing on TV Land.  TV Land is a network known for running older televisions shows of the 60's 70's and 80's.  The defendant's show has received under whelming ratings.  Netflix rates the show a 4.4 out 10. IMDB-Internet Movie Database rates films and television shows their `critics have stated that the show is horrible and unfunny.  The same terrible rating were given to the defendant's show by "Rotten Tomatoes".

23. The plaintiff is the owner of the Mark Throwin Shade.  The fact that the defendants opted to use an infringing name in the same genre, and then produce such a poor program reflects badly on the plaintiff.  The plaintiff has received numerous inquiries asking is Throwing Shade (defendant) the plaintiff's program. (Exhibit "1-5")

24. Prior to beginning BRIC TV negotiations, the plaintiff's trailer for the show was viewed on Vemeo and Facebook over 6, 000 times, in addition to it being well known in the ballroom scene.  Additionally, the plaintiff's continued use of the Mark within the LGBTQ community is also well known.

25. The plaintiff coined the term Throwin Shade as it relates to the LGBTQ ballroom scene's reality television show.  The defendant's use of the term Throwing Shade clearly steps on the plaintiff's successful brand.

26. The plaintiff has also received praise for the show from various television executives who were pitched the show including Black Entertainment Television.

27. The defendant has no registered trademark for the television show Throwing Shade. In fact, upon information and belief, the defendant or its agent contacted the plaintiff prior to infringing on plaintiff's mark.  The defendant or its agent, made inquiry of the plaintiff asking what venue the show Throwin Shade can be viewed on.  This fishing expedition clearly establishes that the defendant knew or should have known of the registered mark prior to adopting a similar name.

28. Hypothetically, even if the defendant was not the one who made the inquiry, the defendant should have known of the mark held by plaintiff.  As a major television production house both defendants were responsible for clearing the name prior to adopting it.  Such negligence and/or recklessness is unprecedented.

29. At no time did plaintiff, issue a license, authorization or other permission to use the infringing mark.

30. On or about January 2017, the plaintiff sent a cease and desist letter to the defendant Viacom. Viacom responded via email that they were looking into the matter, and would get back to the plaintiff's attorneys.

31. Subsequently plaintiff received communication from the defendants Funny or Die's attorneys stating that they would have a response to the issue. Funny or Die responded negatively, and threatened the plaintiff's mark.

32. After consideration of such a negative response, the plaintiff commenced the instant action for violations of the Landham Act, trademark infringement, tarnishment, dilution, NYS anti-dilution, common law trademark infringement, false designation of origin, false description, NYS unfair competition.

FIRST CAUSE OF ACTION<br>Trademark Infringement; False Designation of Origin and/or Description Section 43a of the Lanham Act 15 U.S.C. Section 1125(a).

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 above and incorporates the same by reference as if fully set forth herein.

34. Plaintiff has used the mark "Throwin Shade" to identify its services in the form of a reality television show. Plaintiff's use of the Mark has been recognized among the LGBTQ community and the general viewing public.

35. The defendant's use of the Mark is clearly a false designation of origin as well as, misleading to the public. The defendants' false and misleading use is likely to cause confusion, mistake and/or deceive the public as to the origin of the TV series. Viewers of "Throwin Shade" are likely to be confused by the defendants' program "Throwing Shade". Such viewers would believe that the LGBTQ show are one and the same.

36. The defendant's wrongful use of the plaintiff's mark has caused the plaintiff irreparable injury and unless the defendant's conduct is enjoined, the defendants will continue to tarnish and erode the plaintiff's trademark with its lackluster program and poor ratings.

37. The distinctiveness of the plaintiff's mark will continue to erode by association.  The viewing public will constantly be reminded of the defendants program, and plaintiff's future use of the mark is and will remain forever negatively associated.  Such negative association cannot be remedied at law.

38. In the instant matter plaintiff is entitled to a permanent injunction restraining and enjoining the defendants and/or their agents, servants employees, distributors, advertisers, and any and all others acting with, for or in any other manner in conjunction with the defendants from using in commerce plaintiffs' mark or any pretended imitation of said mark.

39. The registration of the mark on the principal registry is constructive notice of the mark itself.  In the instant matter the Defendants willfully ignored the registration of the mark.

40. Additionally, pursuant to 15 U.S.C. Section 1117 the plaintiff seeks recovery of the defendants' profits, damages to date, as well as, the cost of the instant law suit. The defendants willful use of the plaintiff's mark via reckless disregard of the plaintiff's registration or via the negligent implementation of the mark make this case exceptional under the law, and such wrongful conduct demands that plaintiff's reasonable attorneys fees be reimbursed.

## SECOND CAUSE OF ACTION

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 above and incorporates the same by reference as if fully set forth herein.

42. The plaintiff's Mark has attained fame within the LGBTQ community and is distinctive. Plaintiff's mark attained this status prior to the defendant's infringement in January 2017.

43. The defendant's use of the plaintiff's mark is likely to cause dilution in that blurring, dilution and tarnishment of the Throwin' Shade trademark. Defendant's use will cause the plaintiff to incur more difficulty in the further establishment of its Television presence, and reduce the public's association with the LGBTQ show.

44. The defendant's wrongful activities caused the plaintiff irreparable injury. Unless this Court enjoins the continued use of the plaintiff's mark, the defendant will continue to use the mark which will further blur, dilute and tarnish the plaintiff's mark.

45. Plaintiff is entitled to permanent injunction pursuant to 15 USC Section 1116 restraining and enjoining the defendants, its agents, servants, distributors, employees and all other persons acting under or in concert with, or on behalf of the defendants from using the mark in commerce.

46. The defendants willfully knew or should have known that the plaintiff has a trademark throwin shade. The defendants' use of that Mark clearly demonstrates that the defendants intended to trade on the recognition of the plaintiff's mark, and usurp that mark by using it in defiance of plaintiff's registration.

47. For such willful disregard of plaintiff's mark, damages in the amount of $100,000.00 are sought herein.

48. Plaintiff' is also entitled to recover the defendant's profits, recover ascertainable damages, and the costs of suit. The willful use of the plaintiff's mark without justification or excuse is extraordinary for such experienced defendants. Such disregard for the plaintiff's trademark renders the defendants liable for plaintiff's attorney's fees.

### THIRD CAUSE OF ACTION

Article 24 of the General Business Law (*NY Gen. Bus. Law § 360-l*).

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 47 above and incorporates the same by reference as if fully set forth herein.

50. N.Y.S. recognizes anti-dilution, and unfair competition via its General Business Law Section 360-I. This protection extends to the gradual eroding of the plaintiff's mark. The defendant's use of the mark in association with an underwhelming television series, and the clear public negative association with the defendants mark dilutes the defendants mark.

51. The defendants use of the mark and/or modification of the mark clearly serves to undercut the plaintiff continued use of the mark in commerce, especially in television. Defendant's destruction of plaintiff's mark makes it impossible for the plaintiff to use the mark as a unique identifier of his product and/or service. Additionally, defendant's use of the mark resulted in negative association with plaintiff.

52. The defendant's violation of the GBL Section 360-I have caused irreparable injury. Upon information and belief, unless such conduct is enjoined by this court, the

defendant will continue to use the mark in violation of NYS law, resulting in continued irreparable injury. Plaintiff will suffer continued reduction in distinctiveness, unfair competition and injury to reputation that cannot be remedied by damages alone. Plaintiff is entitled to a permanent injunction restraining and enjoining the defendants, its agents, distributors, employees, and any and all other persons acting in concert with the defendants or on their behalf from using in commerce the throwin shade trademark or any colorable imitation thereof.

53. Plaintiff is entitled to recover profits, ascertainable damages, and the costs of the instant law suit for the intentional volitional act of using the plaintiff's trademark without excuse or justification.

54. Plaintiff is additionally entitled to an award of up to three times the amount of profits and damages plus reasonable attorneys' fees based on the defendants knowing or bad faith conduct.

FOURTH CAUSE OF ACTION

NYS COMMON TRADEMARK INFRINGEMENT

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53 above and incorporates the same by reference as if fully set forth herein.

56. The plaintiff's mark has distinctiveness and is recognized especially by the LGBTQ community as a reality television series. The plaintiff has common law rights to its trademark pursuant to NYS law.

57. The defendant's purposeful and wrongful acts in diluting, confusing, and pitting the parties against each other has caused the plaintiff irreparable injury. Upon information and belief, unless such conduct is enjoined by the Court said activities

will continue to the detriment of the plaintiff. Such detriment cannot be remedied by damages alone. Plaintiff is entitled to a permanent injunction restraining and enjoining the defendants, its agents, distributors, employees, and any and all other persons acting in concert with the defendants or on their behalf from using in commerce the throwin shade trademark or any colorable imitation thereof.

58. Plaintiff is entitled to recover profits, ascertainable damages, and the costs of the instant law suit for the intentional volitional act of using the plaintiff's trademark without excuse or justification.

## PRAYER FOR RELIEF

A. Enter preliminary and/or permanent injunctions restraining and enjoining the defendants and its agents, distributors, servants, employees, and all persons acting thereunder, in concert with or on behalf of the defendants, from using in commerce the throwin shade mark or any colorable imitation or confusingly similar variation thereof;

B. Enter preliminary and/or permanent injunctions restraining and enjoining the defendants and its agents, distributors, servants, employees, and all persons acting thereunder, in concert with or on behalf of the defendants, to immediately cease and desist from causing any and all dilution and/or tarnishment of the throwin shade mark;

C. Award plaintiff any and all ascertainable damages in the amount of at least $100,000.00, costs and attorney's fees;

D. Grant an award of defendant's profits based upon the unauthorized use of the plaintiff's trademark

E.  Imposition of a constructive trust in favor the plaintiff for profits received and/or not yet distributed based on misappropriation of the mark.

F.  Award such other and further relief as this Court deem just and proper.

Dated: July 7, 2017

                                                  S/ John Johnson, Esq.
                                                  225 Broadway, Suite 700
                                                  New York, New York 10007
                                                  212-566-3019
                                                  S/Alan Chan, Esq.
                                                  225 Broadway, Suite 700
                                                  New York, New York 10007
                                                   212-561-5490

JOHN JOHNSON & ASSOCIATES
ALAN CHAN, ESQ.
**225 BROADWAY – SUITE 700**
**NEW YORK, NEW YORK 10007**
212-5 66-3019 (866) 826-0333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action Number No.:

_____

WILLIAM ROBINSON

        **Plaintiff,**

   **-against-**
VIACOM
FUNNY OR DIE

        **Defendants**

_____

**SUMMONS AND COMPLAINT**
_____

    **TO:**                   Service of a copy of the within
                                                  Is hereby admitted.
                     **Dated:..............17.........**

Attorney(s) for   …………………………………

PLEASE TAKE NOTICE:.... Notice of Entry : that the within is a true copy of a                duly entered in the office of the Clerk of the within named Court on            , 2017.

NOTICE OF SETTLEMENT: that and order                 of which the within is a true copy will be presented for settlement to the HON.           one of the judges of the within named Court, at                 on           2017  at
Dated,                              Yours, etc.